# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-2686

———————————————

Heights Apartments, LLC

*Plaintiff - Appellant*

Walnut Trails, LLLP

*Plaintiff*

v.

Tim Walz, in his individual and his official capacity as Governor of the State of Minnesota; Keith M. Ellison, in his individual and his official capacity as Attorney General of the State of Minnesota; John Doe

*Defendants - Appellees*

———————————————

Appeal from United States District Court
for the District of Minnesota

———————————————

Submitted: October 22, 2024
Filed: November 21, 2024
[Unpublished]

———————————————

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.

———————————————

PER CURIAM.

Responding to the COVID-19 pandemic, Minnesota Governor Tim Walz issued a series of Executive Orders restricting landlords' ability to evict non-paying tenants. Heights Apartments, LLC (Heights) owns three residential properties in Minnesota and brought several claims against Walz. After we allowed Heights's Contract Clause and Takings Clause claims to continue, see Heights Apartments, LLC v. Walz, 30 F.4th 720 (8th Cir. 2022), the district court[1] granted judgment on the pleadings because sovereign immunity bars recovery against state officials in their official capacity—including the just compensation remedy of the Takings Clause—and qualified immunity shields state officials from liability in their personal capacity. Heights appeals the denial of its takings claim against Walz in his official capacity.

Heights argues that the self-executing damages remedy of the Just Compensation Clause overrides a State's Eleventh Amendment immunity. But we have rejected this argument. In EEE Minerals, LLC v. North Dakota, 81 F.4th 809 (8th Cir. 2023), we held that "the Eleventh Amendment bars a [just compensation] claim against the State in federal court as long as state courts remain open to entertain the action." Id. at 816. Heights has not alleged that Minnesota courts are unavailable for its claim. Nor has it attempted to point to any intervening controlling authority. Instead, Heights only argues that EEE Minerals is "wrong" and "a mistake." Whatever the merits of this argument, we are bound by our previous panel decision. Cnty. of Charles Mix v. U.S. Dep't of Interior, 674 F.3d 898, 902 (8th Cir. 2012).

Affirmed.

_____

_____

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.